IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARQUISA WINCE and                                                              PLAINTIFFS
MARY CANTWELL

v.                                    Case No. 4:20-cv-1274 BSM

JOHN THURSTON, in his official capacity as the Secretary of State of Arkansas and his official capacity as Chairman of the Arkansas State Board of Election Commissioners; SHARON BROOKS, in her official capacity as a member of the Arkansas State Board of Election Commissioners; JAMES HARMON SMITH, III, in his official capacity as a member of the Arkansas State Board of Election Commissioners; BILENDA HARRIS-RITTER, in her official capacity as a member of the Arkansas State Board of Election Commissioners; CHARLES ROBERTS, in his official capacity as a member of the Arkansas State Board of Election Commissioners; WILLIAM LUTHER, in his official capacity as a member of the Arkansas State Board of Election Commissioners; and JAMES SHARP, in his official capacity as a member of the Arkansas State Board of Election Commissioners                                      DEFENDANTS

## MOTION FOR DISMISSAL WITHOUT PREJUDICE
## AND INCORPERATED BRIEF

Plaintiffs Marquisa Wince and Mary Cantwell ("Plaintiffs"), for their Motion for Dismissal Without Prejudice, state:

1.   Plaintiffs filed this action on October 23, 2020. In their Complaint, Plaintiffs seek a declaratory judgment (and accompanying permanent injunction) that two provisions of Arkansas law dealing with counting absentee ballots violate the United States Constitution and Arkansas Constitution. Plaintiffs, who voted absentee in the 2020 general election, also sought a preliminary

injunction to ensure that elections officials would not stop counting valid absentee ballots after the polls closed on November 3, 2020.

2. Under Arkansas law, election officials are prohibited from beginning to count any absentee ballots before 8:30 a.m. on election day. *See* Ark. Code Ann. § 7-5-416(a)(1). Under a plain reading of the two provisions at issue in this action, election officials must complete counting all absentee ballots before the polls close at 7:30 that evening. *See* Ark. Code Ann. § 7-5-416(a)(5)(A) ("Absentee and early votes shall be counted prior to the closing of the polls on election day"); Ark. Code Ann. § 7-5-416(d) ("It is the intent of this section to require the election officials for absentee ballots to meet and process, canvass, and count absentee ballots according to this section prior to the closing of the polls on election day."). Plaintiffs filed suit because elections officials cannot complete counting all absentee ballots in such a narrow window of time. That was particularly true for the 2020 general election, where approximately three times as many Arkansans voted absentee compared to 2016 due to the ongoing COVID-19 pandemic.

3. This Court held a hearing on Plaintiffs' Motion for a Preliminary Injunction on October 28, 2020. As that hearing was ongoing, the Arkansas State Board of Election Commissioners (the "Election Board") approved and adopted Declaratory Order 2020-002, in which the Election Board:

> [S]tates unequivocally that state election law requires [County Election Commissioners] to count every ballot that is returned by the statutory deadlines and which satisfies the substantive requirements governing whether an absentee ballot can be counted, even if the actual process of counting continues past 7:30 p.m. on election night.

*See* Declaratory Order, attached and incorporated as Exhibit 1, ¶ 5. Following its approval, Declaratory Order 2020-002 was offered as an exhibit at the preliminary injunction hearing (Dkt. No. 18. At 3-4). Daniel Shults, Director of the Election Board, testified at the preliminary

2

injunction hearing that the Election Board's issuance of Declaratory Order 2020-002 was a direct result of this action.

4.     The Court denied the Motion for a Preliminary Injunction, concluding that Plaintiffs lacked standing because the risk that their votes would not be counted due to enforcement of the challenged provisions was not sufficiently concrete (Dkt. No. 18, at 4-5).  Relying on Declaratory Order 2020-002, testimony that elections officials counted all absentee ballots in past elections, and the fantastical position taken by the Arkansas Attorney General's office in its briefing that the challenged provisions did not set a deadline to complete counting absentee ballots, the Court also concluded that Plaintiffs could not show that they would suffer irreparable harm absent an injunction (Dkt. No. 18, at 5-6).  Finally, the Court determined that it would not enter a preliminary injunction less than a week before election day (Dkt. No. 18, at 6-7) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curium)).

5.     As Plaintiffs predicted, election officials in Arkansas were unable to count all absentee ballots before the polls closed.  Approximately 25,000 voters cast absentee ballots in Pulaski County and election officials were only able to count 20,277 on election night.  *See* Max Brantley, *Pulaski County Election Commission continues counting absentee votes UPDATE*, ARK. TIMES (Nov. 5, 2020 9:45 AM), https://arktimes.com/arkansas-blog/2020/11/05/pulaski-county-election-commission-continues-counting-absentee-votes.  Of those 20,277 ballots, it is unclear how many were counted before 7:30 p.m.  *Id.*

6.     Thankfully, election officials did not stop counting absentee ballots when the polls closed.  But it is not as if Plaintiffs' concerns were unfounded.  Indeed, the President of the United States declared that states should "STOP THE COUNT" at 8:12 a.m. on November 5, 2020, when approximately 20 percent of the absentee ballots in Pulaski County remained uncounted.  Donald

J. Trump (@realDonaldTrump), Twitter (Nov. 5, 2020, 8:12 AM), https://twitter.com/realDonaldTrump/status/1324353932022480896 (emphasis in original).

7. While the Court has already concluded that Plaintiffs lack standing, this case remains pending. Defendants filed a Motion to Dismiss on November 6, 2020, in which Defendants largely repeat arguments made in opposition to the Motion for a Preliminary Injunction (Dkt. No. 19).

8. The Court need not consider Defendants' Motion.

9. As the Court has already ruled on standing, this case should be dismissed without prejudice for lack of subject matter jurisdiction. *See Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004) (affirming dismissal for lack of standing but reversing the district court's decision to dismiss the complaint with prejudice, finding that because the "court dismissed solely on jurisdictional grounds, dismissal with prejudice is premature").

10. Regardless, in light of the fact that Plaintiffs' votes were counted in the 2020 general election, and recognizing that this Court already found that Plaintiffs lacked standing before election day, Plaintiffs move for dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(a)(2).

11. This Court considers all material circumstances in determining whether to grant a Rule 41(a)(2) Motion to Dismiss, including:

(1) the defendant's effort and the expense involved in preparing for trial,

(2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,

(3) insufficient explanation of the need to take a dismissal, and

(4) the fact that a motion for summary judgment has been filed by the defendant.

*Calaway v. Practice Mgmt. Servs., Inc.*, No. 4:09-CV-61-DPM, 2011 WL 13195871, at *1 (E.D. Ark. July 5, 2011) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

12.  Each of these considerations weighs in favor of dismissal without prejudice. Plaintiffs filed this action less than a month ago and have not engaged in any delay in its prosecution. Defendants have not filed a motion for summary judgment and had not engaged in any effort or expense in preparing for trial, as no trial has been set in this action. And Plaintiffs have fully explained why they seek dismissal without prejudice. Plaintiffs filed this action to ensure that their absentee votes would not go uncounted because election officials could not complete the count before polls closed on election day. The risk of that occurring was disproportionally high in 2020 where there was a flood of additional absentee votes due to the pandemic. As Plaintiffs' votes were counted, they do not wish to continue proceeding with this action at this time.

13.  Accordingly, this Court should dismiss this action without prejudice for lack of subject matter jurisdiction. Alternatively, this Court should grant Plaintiffs' Motion to Dismiss Without Prejudice pursuant to Rule 41(a)(2). Defendants' Motion to Dismiss should be denied as moot (Dkt. No. 19).

14.  To the extent that this Court is not inclined to deny as moot Defendants' Motion to Dismiss, Plaintiffs respectfully request additional time to prepare a substantive response to the motion.

Wherefore Marquisa Wince and Mary Cantwell request that this Court dismiss without prejudice this action.

                                  John E. Tull, III
                                  Ark. Bar No. 84150
                                  Christoph Keller
                                  Ark. Bar No. 2015145
                                  Attorney for Plaintiffs Marquisa Wince and Mary Cantwell
                                  QUATTLEBAUM, GROOMS & TULL PLLC
                                  111 Center Street, Suite 1900
                                  Little Rock, Arkansas 72201
                                  Telephone:    (501) 379-1700
                                  Facsimile:     (501) 379-1701
                                  Email:         jtull@qgtlaw.com
                                                     ckeller@qgtlaw.com